## ELMORE BLENDEN v. STATE.

No. A-7695. Opinion Filed April 4, 1931.
(297 Pac. 827.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, herein-after called defendant, was convicted in the county court of Noble county of having the unlawful possession of in-toxicating liquor and was sentenced to pay a fine of $200 and to serve a term of two months in the county jail.

The record discloses that the defendant, Elmore Blenden, was the operator of a filling station east of Morrison, Noble county. That on January 19, 1929, cer-tain officers secreted themselves near the filling station of defendant, and a short time thereafter a car drove up in front of the station and defendant was seen to go across the road and return with a receptacle in his hand. Upon the officers seeing the defendant go into the front door of the station, they immediately ran to the window of the place and observed the defendant with a glass jug of whisky in his hands. The defendant upon seeing the officers through the window threw the jug to the floor and broke it. The officers came in and soaked the liquid up with a handkerchief which was preserved as evidence against the defendant. The defendant demurred to the evi-dence, which was overruled by the court.

The first contention made is that separate jury lists for the Billings and Perry districts of the county court were not furnished from which to draw the jury who tried the case, as required by section 3323, Comp. Stat. 1921,

which created the two county court districts of Noble county. Section 3526, Comp. Stat. 1921, provides that a substantial compliance with the requirements of the statute in selecting jurors is sufficient, unless the defendant is deprived of some substantial right. There is no claim that the defendant was deprived of any constitutional or statutory rights by the method in which the jury was selected.

The next contention made is that the evidence is insufficient. The sufficiency of the evidence is for the jury. The actions of the defendant in breaking the jug in the view of the officers would be sufficient circumstances upon which the case could go to the jury. Where an officer is in such a position that he is able to see liquor in the hands of a defendant in a public place and the liquor is hastily disposed of by destroying it, his action in so disposing of such liquor would be sufficient to create a reasonable inference that he was violating the law.

The case is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., absent, not participating.